IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-CV-1286-WDS |
| ) | |
| KIMBERLY A. CARSTENS, ) | |
| HOLISHOR ASSOCIATION, INC., and ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT DECREE AND ORDER
## DIRECTING SALE OF MORTGAGED PROPERTY

**STIEHL, District Judge:**

Plaintiff United States of America filed this action to foreclose a mortgage on, and sell, property owned by defendant Kimberly A. Carstens. Plaintiff also seeks to terminate interest in the property held by defendants Holishor Association, Inc., and Capital One Bank (USA), N.A. All three defendants were served, but they have not answered or otherwise appeared. The Clerk of Court entered default against them on June 17, 2013 (Doc. 12). Plaintiff then filed two motions for default judgment that were denied for failure to comply with the Court's Local Rule 55.1 (Docs. 14, 16). Now before the Court is a new motion for default judgment (Doc. 17). The Court finds that plaintiff has substantially complied with Rule 55.1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1345.

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). Once default has been established, if a plaintiff's claim is for a sum certain, the clerk, on the

plaintiff's request, must enter judgment for that amount and costs against a defaulted defendant. Fed. R. Civ. P. 55(b)(1). "In all other cases," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The decision to grant or deny default judgment lies within the court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

Default judgment establishes as a matter of law that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). "[T]he well-pleaded allegations of a complaint relating to liability are taken as true." *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); *accord Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). But "'[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d at 793). Consequently, default judgment may not be entered without a hearing on damages unless "'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co.*, 772 F.2d at 1323); *O'Brien*, 998 F.2d at 1404.

Here, the Court finds that default judgment is warranted based on the allegations in plaintiff's amended complaint and motion, the supporting exhibits, and defendants' failure to appear. The Court further finds that the amount of damages is capable of ascertainment from the definite figures contained in the terms of the mortgage and note, and the affidavit signed by Molly K. Hammond, Acting State Director for Rural Development in the United States Department of Agriculture (Doc. 17, Ex. 2). Accordingly, plaintiff's motion for default judgment (Doc. 17) is **GRANTED**. The Court **FINDS** as follows:

1. It has jurisdiction of the parties to and subject matter of this suit. Further, defendants have each been properly served but have failed to answer or otherwise appear, although the time for answering has expired and default has been entered.

2. Plaintiff, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to defendant Kimberly A. Carstens, secured by a mortgage dated April 12, 2006 (Doc. 7, Ex. A), in the total principal amount of $150,000.00. The mortgage was recorded on April 20, 2006, in Mortgage Record Document No. 2006R19753, Madison County, Illinois. That loan is evidenced by a promissory note dated April 12, 2006 (*id.*, Ex. B). Carstens defaulted on the note. On May 15, 2012, plaintiff issued a notice of acceleration (*id.*, Ex. C).

3. The following are the names of persons that may have claimed an interest in the above-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Kimberly A. Carstens, Holishor Associates, Inc., and Capital One Bank (USA), N.A.

4. By virtue of the mortgage and indebtedness thereby secured, plaintiff has a valid and subsisting lien as follows:

>Common address:
>191 Shore Drive SW, Edwardsville, Illinois 62025
>
>Legal description of the mortgaged premises:
>Lot B191 in Holiday Shores Subdivision No. 1, a subdivision
>in Section 1, Township 5 North, Range 8 West of the Third
>Principal Meridian, according to the plat thereof recorded in
>Plat Book 34 Page 129, in Madison County, Illinois.
>
>Permanent Parcel No. 15-2-09-01-01-106-017

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the amended complaint, there is due plaintiff as follows:

>(a) For its own use and benefit for the costs of this suit and
>for:
>
>| | |
>|---|---|
>| U.S. Attorney's docket and recording fees | $398.00 |
>| U.S. Marshals' costs for service of summons | $208.20 |
>| Title expenses | $315.00 |
>| Total | $921.20 |
>
>(b) For the use and benefit of plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subpara-

3

graph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance | $146,201.00 |
| Accrued interest at $22.8933 per day due and unpaid as of June 24, 2013 | $11,630.01 |
| Total amount due plaintiff as of June 24, 2013, exclusive of foreclosure costs | $158,752.21 |

(c) In addition, plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees; stenographer's fees; witness fees; costs of publication; costs of procuring and preparing documentary evidence; and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d) Under the terms of the mortgage, all such advances, costs and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate and plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage or, if no rate is provided, at the statutory judgment rate, from the date on which such advances are made.

(e) In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f) In order to protect and preserve the mortgaged real estate, it may also become necessary for plaintiff to make such repairs to the real estate as may reasonably be deemed for its proper preservation.

(g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage or, if no rate is provided, at the statutory judgment rate.

6. Madison County, Illinois, has a valid lien on the above-described property for tax for the year 2012, and the property will be sold subject to the interest of Madison County, resulting from taxes, general or special, which are a valid lien against the property.

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** by this Court that judgment is entered against defendant Kimberly A. Carstens for $158,752.21, and unless defendants and their assigns and successors in interest to the above-described property pay plaintiff within three days from the date of this Judgment Decree and Order Directing Sale of Mortgaged Property ("Judgment Decree") the sum of $158,752.21, with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Madison County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Madison County Courthouse in the City of Edwardsville, Illinois.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff United States of America and against defendants Kimberly A. Carstens, Holishor Associates, Inc., and Capital One Bank (USA), N.A. The real estate shall be sold free and clear of any claimed lien of defendants Kimberly A. Carstens, Holishor Associates, Inc., and Capital One Bank (USA), N.A.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of the sale, together with a description of the premises as referred to in paragraph 4, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of the sale; that the United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that plaintiff or any of the parties to this cause may become the purchaser or purchasers at the sale; that upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale, which shall be freely assignable by en-

dorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or 60 days after the date of this Judgment Decree, since the value of the mortgaged real estate as of the date of this Judgment Decree is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that out of the proceeds of the sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of the proceeds he shall pay to plaintiff $158,752.21, together with lawful interest to be computed thereon to the date of this Judgment Decree and any court costs of this action in its behalf. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court, and in case the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** from the date of this Judgment Decree through the 30th day after a foreclosure sale conducted pursuant to this Judgment Decree is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate. After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to said certificate holder immediately upon expiration of the 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the monies arising from the sale shall be insufficient to pay sums due to plaintiff with interest after deducting costs, the United States Marshal shall specify the amount of the deficiency in his

report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court retains jurisdiction of the subject matter of this cause and the parties for the purpose of enforcing this Judgment Decree and that the United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time.

**IT IS SO ORDERED.**

**DATED: <u>September 4, 2013</u>**

<u>/s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**