IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                     ) | |
|     **Plaintiff,**                    ) | |
|                                     ) | |
| v.                                      ) | No. 12-CV-1286-WDS |
|                                     ) | |
| KIMBERLY A. CARSTENS,    ) | |
| HOLISHOR ASSOCIATION, INC., and  ) | |
| CAPITAL ONE BANK (USA), N.A.,    ) | |
|                                     ) | |
|     **Defendants.**               ) | |

## ORDER

**STIEHL, District Judge:**

Plaintiff United States of America filed this action to foreclose a mortgage on, and sell, property owned by defendant Kimberly A. Carstens. Plaintiff also sought to terminate interest in the property held by defendants Holishor Association, Inc., and Capital One Bank (USA), N.A. All three defendants were served, but did not answer or otherwise appear. The Clerk of Court entered default against them and, on September 4, 2013,[1] the Court granted plaintiff's motion for default judgment; the Court entered judgment in favor of plaintiff and directed the sale of the mortgaged property at public auction.

Plaintiff now moves to vacate that judgment and set aside the sale because defendant Carstens filed for bankruptcy about three weeks after the Court's order entering judgment, on September 27 (Doc. 20). Yet, in accordance with the Court's order, the residential property at issue in this case was sold by the U.S. Marshals Service on November 13. Plaintiff did not learn of the bankruptcy until December 3.[2] Plaintiff asserts that the sale

---

[1] All dates in this order are in 2013.
[2] Plaintiff also learned that the bankruptcy plan provides for payment of plaintiff's client, the U.S. Department of Agriculture.

was in violation of the automatic-stay provision of the Bankruptcy Code, 11 U.S.C. § 362. Section 362 provides for an automatic stay of all efforts by creditors outside the bankruptcy proceeding to collect debts from the bankrupt debtor. *In re Radcliff*, 563 F.3d 627, 630 (7th Cir. 2009). The stay takes effect immediately upon the filing of the bankruptcy petition. *Id.* Among other things, the petition operates as a stay of—

> (1) the commencement or continuation of a judicial action or proceeding against the debtor;
> (2) the enforcement, against the debtor or property of the estate, of a judgment obtained before the commencement of the bankruptcy case;
> (3) any act to obtain possession of property of the estate; and
> (4) any act to create, perfect, or enforce any lien against property of the estate.

§ 362(a)(1)–(4). In this circuit, actions taken in violation of the stay are generally void. *See Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001); *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984).

Here, plaintiff does not provide legal authority explaining how the automatic stay that took effect immediately upon the filing of defendant's bankruptcy petition, on September 27, would affect the Court's entry of judgment and foreclosure over three weeks earlier, on September 4. Was the property still "property of the estate" such that the enforcement, i.e., public sale, pursuant to the Court's judgment "obtained before the commencement of the bankruptcy case," *see* § 362(a)(2), violated the stay? Or did the entry of judgment and foreclosure terminate defendant's interests in the property? Further, if the property was still property of the estate, does the bankruptcy stay necessarily void the subsequent sale of the property, particularly when setting aside the sale may prejudice the buyer of the property? It was a residential property and may, by now, be a family's home. These issues are not discussed in plaintiff's motion.

The Court therefore **DENIES** plaintiff's motion to vacate judgment and set aside sale (Doc. 20). Plaintiff is given leave to file a new motion providing legal support for its

position.

**IT IS SO ORDERED.**

**DATED: January 17, 2014**

                                            **/s/ WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**